United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURJIT SINGH,<br><br>    Petitioner,<br><br>    v.<br><br>WILLIAM P. BARR, et al.,<br><br>    Respondents. | Case No. 19-cv-01249 NC (PR)<br><br>**ORDER OF TRANSFER** |

Petitioner, an immigration detainee, has filed a federal petition for writ of habeas corpus, under 28 U.S.C. § 2241. Petitioner is currently being held at the GEO-run Aurora Contract Detention Facility in Aurora, Colorado. Petitioner's underlying federal habeas petition challenges his current detention. Specifically, petitioner represents that he "has been detained in immigration custody for over 17 months" without a hearing or custody redetermination. *See* Dkt. No. 1.

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). Relying on the "within their respective jurisdictions" language, the

Supreme Court held that personal jurisdiction over a federal habeas corpus petition lies exclusively in the single federal judicial district in which both the custodian of the prisoner and the prisoner reside. *Ahrens v. Clark*, 335 U.S. 188, 190-91 (1948). Although this court may have jurisdiction to hear a petition, *see Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95 (1973), *Braden* also makes clear that "venue considerations may, and frequently will, argue in favor of adjudication of the habeas claim in the jurisdiction where the habeas petitioner is confined." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 814 (D.C. Cir. 1988). Federal courts generally take the position that the district of confinement "is normally the forum most convenient to the parties," *McCoy v. United States Bd. of Parole*, 537 F.2d 962, 966 (8th Cir. 1976), and therefore exercise discretion in transferring petitions to the district of confinement "in the interests of justice" pursuant 28 U.S.C. § 1404(a). *See id.*; *see also Dunne v. Henman*, 875 F.2d 244, 249-50 (9th Cir. 1989) (suggesting that even where district court has personal jurisdiction over custodian, preferred forum is district where petitioner is confined).

Because petitioner is located within the jurisdiction of the District of Colorado, this case is TRANSFERRED to the District of Colorado. *See* 28 U.S.C. § 1404(a). The Clerk shall terminate all pending motions and transfer this matter forthwith.

**IT IS SO ORDERED.**

DATED: March 26, 2019

NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 19-cv-01249 NC (PR)
ORDER OF TRANSFER